IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyrone T Broussard,<br><br>    Petitioner,<br><br>v.<br><br>State of Arizona, et al.,<br><br>    Respondent. | No. CV-20-00868-PHX-DLR (CDB)<br><br>**ORDER** |

    Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Camille D. Bibles (Doc. 15) regarding Petitioner's Second Amened Petition for Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2254 (Doc. 8). The R&R found that the Petition is barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act and recommends that the Petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 15 at 9.) Petitioner filed an objection to the R&R on April 20, 2021, (Doc. 16), and Respondents filed their response on May 5, 2021. (Doc. 17.)

    On December 19, 2016, Petitioner entered into a plea agreement with the State agreeing to plead guilty to one count of attempt to commit child prostitution with one prior felony conviction, one count of attempt to commit money laundering, and one count of pandering. (Doc. 13-1 at 8-11, 13.) The plea agreement provided that Petitioner would be sentenced to no less than the presumptive sentence of 6.5 years in prison on the attempted

child prostitution charge and that he would be placed on probation for the other two convictions and would be required to register as a sex offender. *Id*. at 9. Petitioner was sentenced on January 25, 2017 to a term of 7.5 years imprisonment, with credit for 202 days of presentence incarceration, followed by five years probation. *Id*. at 18-19.

Approximately two years after he was sentenced, on January 31, 2019, Petitioner filed a "Motion to Request Permission to File Untimely Petition for Notice of Post-Conviction Relief." *Id.* at 25. The state trial court determined that Petitioner's notice of post-conviction relief ("PCR") was untimely and should have been filed by no later than 90 days after sentencing, or by April 25, 2017. *Id.* at 31. The trial court dismissed the PCR after concluding that Petitioner had waived his jurisdictional arguments when he pled guilty and the PCR was 'facially non-meritorious." *Id*. at 32. The Arizona Court of Appeals granted review but summarily denied relief, finding that the trial court had not abused its discretion by denying the PCR. *Id.* at 42.

In his objection, Petitioner argues that although his PCR was untimely, the trial court should have reviewed it for fundamental error. He contends that he had no reason to question his counsel's representation to him that jurisdiction was not in question and that he did not discover the jurisdictional issue until an inmate legal assistant told him about it in October 2018. (Doc. 16 at 3.)

Respondents first argue that the Court should not consider Petitioner's objection because it is untimely, two days late. Respondents have not argued prejudice. The Court finds that in the interests of justice that Petitioner's objection to the R&R should be decided on the merits. Respondents argument is rejected.

Addressing Petitioner's argument—that his Petition should not be barred by the one-year statute of limitations because he is entitled to equitable tolling—the R&R correctly decided that Petitioner did not meet his burden. Petitioner's pro se status, limited legal resources, ignorance of the law, and lack of representation did not constitute extraordinary circumstances justifying equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). *See also Robinson v. Kramer*, 588 F.3d 1212, 1216 (9th Cir. 2009).

Specifically, the R&R correctly found that Petitioner has not shown that his alleged lack of access to legal resources is an extraordinary circumstance. He did not identify the lack any specific library materials that would have allowed him to timely assert his claims. Moreover, Petitioner has not shown a connection between any alleged extraordinary circumstances and his inability to prepare and file a timely habeas petition.

Having considered the objections and reviewed the R&R *de novo*, *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1), the Court concludes that the Magistrate Judge correctly found that the Petition is barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act and that Petitioner has not made a substantial showing of the denial of a constitutional right. Petitioner's objection to the R&R is overruled.

**IT IS ORDERED** that the R&R (Doc.15) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Petitioner's objection (Doc. 16) is **OVERRULED.**

**IT IS FURTHER ORDERED** that Petitioner's Second Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 8) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified because reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice and shall terminate this action.

Dated this 18th day of May, 2021.

Douglas L. Rayes
United States District Judge